IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-08-258-S-BLW |
| | ) | |
| v. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| EDWAR AMNER DIAZ-MALDONADO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BACKGROUND

Defendant was charged with one count of illegal reentry after being found at the Gooding County Jail where he was incarcerated on a charge of domestic battery. He had previously been removed from the United States to Guatemala following a 1997 felony rape conviction. Although charged with felony domestic battery, he pled guilty to misdemeanor domestic battery.

## PRESENTENCE REPORT

The Probation Officer applied a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) based on Defendant's rape conviction which she determined

**Sentencing Memorandum - 1**

to be a crime of violence. Adding the enhancement to the base offense level of 8 and deducting 3 levels for acceptance of responsibility, the Presentence Report found a total offense level of 21 which, coupled with a criminal history category of II, resulted in a guideline sentencing range of 41 to 51 months.

     Defendant had two primary objections to the draft Presentence Report. First, he objected to the factual account of the domestic battery conviction to the extent that it described any conduct more egregious than slapping his wife with an open hand. Second, he objected to the application of the 16-level enhancement for a crime of violence based on the rape conviction.

     In the Addendum, the Probation Officer stood by the draft report. She determined that the information concerning the domestic battery conviction taken from the victim's statement to investigators was reliable hearsay. She also determined that, using the *Taylor* modified categorical approach, Defendant's crime of rape constituted a crime of violence because the Information, Criminal Complaint, and the Affidavit in Support of the Criminal Complaint clearly indicated that Defendant had sex with a female below the age of 16 thereby meeting the generic definition of statutory rape.

**Sentencing Memorandum - 2**

## SENTENCING HEARING

The Court reviewed the briefing of the parties and heard argument on the two sentencing issues.  After considering the arguments and conducting independent research, the Court resolved the issues in the following manner.

### A.     Domestic Battery Conviction

The fact of the conviction and the assessment of a criminal history point to that conviction were not disputed.  Rather, presentation of only the victim's version of the events gave rise to the objection.  The Court noted that the Probation Officer is required to report available information about a conviction and the available information underlying that conviction.  That information is usually gleaned from police and/or other investigative reports.  If a defendant disputes that version of the incident, then the Probation Officer should note the objection and include the defendant's version of the incident as opposed to making a credibility determination between the two versions.  Here, Defendant's objection and version of the facts were before the Court in the Addendum.

Fed. R. Crim. P. 32(i)(3)(B) requires the Court to rule on any disputed matter in the Presentence Report or to determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the matter in sentencing.  Here, the Court determined that the disputed information

**Sentencing Memorandum - 3**

would not affect the guideline calculation and would not be considered under the § 3553(a) factors. Accordingly, the objection was deemed moot.

### B. Rape Conviction

#### 1. Background

Defendant was charged with rape in violation of Idaho Code § 18-6101(1) which provides as follows:

> Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under any one (1) of the following circumstances:
>
> 1. Where the female is under the age of eighteen (18) years. . . .

According to the state presentence report, on August 25, 1996, the victim and a friend went to Defendant's house apparently uninvited. Although the stories differ as to what occurred when they arrived at the house, ultimately Defendant had sexual intercourse with the victim who was 14 years old at the time. The Information, Criminal Complaint, and the Affidavit in Support of the Criminal Complaint all indicated that the victim was 14 years of age.

#### 2. Positions of the Parties

The parties agreed that because Application Note 1(B)(iii) to § 2L1.2 specifically lists statutory rape as a crime of violence, it is a *per se* crime of

**Sentencing Memorandum - 4**

violence.  *See United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007).  They further agreed that despite being a *per se* crime of violence, application of the enhancement is not appropriate unless the statute of conviction "comports with the generic and contemporary meaning of the offense of statutory rape."  *Id.* at 743.  Finally, they agreed that because the Idaho statute sets the age of consent at 18 whereas the generic definition of statutory rape sets the age of consent at 16, the Idaho statute does not categorically qualify as a crime of violence because it encompasses more conduct and is broader than the generic statute.  *See Id.* at 746.

The parties disagreed on whether the Court could apply the modified categorical approach.  More specifically, Defendant contended that a recent Ninth Circuit case precluded the application of the modified categorical test because "[w]hen the relevant state statute is missing an element of the generic offense, the court cannot proceed to the modified approach because under no circumstances would a fact-finder be required to find that missing element or fact."  *Defendant's Response to Presentence Report*, at 7 (Docket No. 18) (citing *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1159 (9th Cir. 2008); *Navarro-Lopez v. Gonzalez*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc); *United States v*. Aquila-Montes de Oca, ___ F.3d. ___, 2009 WL 115727 at *3-4 (9th Cir. Jan. 20, 2009)).

**Sentencing Memorandum - 5**

### 3. Ruling of the Court

The Court spent considerable time researching and deliberating the issues raised by Defendant. It ultimately concluded that *Estrada-Espinoza* did not preclude the application of the modified categorical approach but that the documentation offered in support of the conviction was not sufficient to establish that Defendant's conduct comported with the generic definition.

#### a. *Rodriguez-Guzman*

In *Rodriguez-Guzman*, like here, the state statute contained an age of consent of 18 and was likewise overbroad precluding categorical qualification as a crime of violence. Therefore, the court applied the *Taylor* modified categorical approach of considering "whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *Rodriguez-Guzman*, 506 F.3d at 746 (citation omitted). As the Ninth Circuit has stated, "[t]he purpose of this 'modified categorical approach is to determine if the record *unequivocally* establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive.'" *Id.* at 746-47 (citations omitted) (emphasis added). However, the court then looked to the only documentation in the record which was the felony complaint. Because it merely identified the statute by section and did not indicate

**Sentencing Memorandum - 6**

the age of the victim, the court determined that the record was insufficient to satisfy the Guidelines' definition of statutory rape.  *Id.*

*Rodriguez-Guzman* would seemingly dictate the same result here allowing the Court to look at the appropriate documentation to see if the victim was under 16 years of age.

### b. *Estrada-Espinoza*

In *Estrada-Espinoza*, the Ninth Circuit was faced with the issue of whether any of California's four statutory rape laws fell within the generic definition of "sexual abuse of a minor," as defined in 8 U.S.C. § 1101(a)(43) of the Immigration and Nationality Act thus qualifying as an aggravated felony subjecting Estrada-Espinoza to removal.

The court determined that the generic definition of sexual abuse of a minor contains the following elements: (1) a mens rea requirement that the defendant acted knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.  *Id.* at 1159.  The court further determined that because three of the four California statutory rape statutes were missing the fourth element of an age difference, it could not apply the modified categorical approach to those statutes.  *Id.*  (citing *Navaro-Lopez*, 503 F.3d at 1073) (finding that modified categorical

**Sentencing Memorandum - 7**

approach could not be applied to find moral turpitude under the generic definition when the state accessory after the fact statute did not contain that element).

The fourth statute contained an age difference albeit a 3-year rather than a 4-year difference. Therefore, it was not missing an entire element. However, the court declined to apply the modified categorical approach because the statute defined only one singular crime rather than being divisible into several crimes. *Id.* at 1160 (citing *Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005)). The court concluded that "[b]ecause [the state statute] applies to minors under the age of 18 and defendants who are only three years and one day older, it is not possible that 'a jury was actually required to find all the elements of' the generic offense . . . ." *Id.* at 1160 (citing *Taylor*).

Defendant here, following a similar theory, states that under the Idaho statute, because a jury would only have to find that the defendant was under 18 pursuant to the state statue and not under 16, the modified categorical approach should not be applied.

### c. Reconciling *Rodriguez-Guzman* and *Estrada-Espinoza*

The Court was not convinced that *Estrada-Espinoza* controlled rather than *Rodriguez-Guzman* for several reasons.

The Court found it significant that despite having the opportunity to address

**Sentencing Memorandum - 8**

the age of consent issue in *Estrada-Espinoza*, the Ninth Circuit did not do so. The Court struggled with why the Ninth Circuit chose to only address the age difference issue and not the difference in the age of consent. Perhaps the failure to do so can be explained by the fact that, looking at the statutory terms only (i.e., without regard to the fact that a defendant who is 3 years older than the victim can also be 4 years older), a defendant who is only 3 years older than the victim – all that is required by state statute – can never be convicted of the generic offense which requires that he be 4 years older. However, a minor who is under the age of 18 *could* be under the age of 16.

Another factor troubling to the Court was that *Estrada-Espinoza* did not distinguish or even refer to *Rodriguez-Guzman* despite the fact that *Rodriguez-Guzman* applied the modified categorical approach where the only difference between the statute of conviction and the generic offense was the age of consent. Furthermore, *Rodriguez-Guzman* was decided after *Navarro-Lopez* which was relied upon in *Estrada-Espinoza* on the missing element issue. Nevertheless, *Rodriguez-Guzman* did not address the issue of a missing element or a partial element.

Finally, a stated reason that the court in *Estrada-Espinoza* did not apply the modified categorical approach was that the statute defined a singular crime rather

**Sentencing Memorandum - 9**

than being divisible into several crimes.  In doing so, it relied on *Carty* which stated that "[w]e have previously explained that the modified categorical approach is appropriate when the statute of conviction is divisible."  *Carty*, 395 F.3d at 1084. However, that cited language does not appear to say that it is *only* appropriate when the statute is divisible and *Carty* was not addressing an age of consent issue.

The Court notes that the court in *Navarro-Lopez* observed that:

> [t]he modified categorical approach . . . only applies when the particular elements in the crime of conviction are broader than the generic crime. When the crime of conviction is missing an element of the generic crime altogether, we can never find that "a jury was actually required to find all the elements of" the generic crime. *See* Li v. Ashcroft, 389 F.3d 892, 899-901 (9th Cir.2004) (Kozinski, J., concurring) (providing examples).

*Navarro-Lopez*, 503 F.3d at 1073.  In his concurrence in *Li*, Judge Kozinski gave examples of statutes containing broader elements than the generic crime that allow the use of the modified categorical approach.[1]  Two such examples included a state statute that covered the use of any kind of weapon in contrast to the generic statute that required the use of a gun, and a state burglary statute that included an automobile and a dwelling in contrast to the generic crime of burglary that

---

[1] Although *Li* was impliedly overruled by *Navarro-Lopez*, Judge Kosinski's concurrence was quoted by the en banc court in *Navarro-Lopez* in reaching its decision.  *See Kawashima v. Mukasey*, 530 F.3d 1111, 1116-18 (9th Cir. 2008).

**Sentencing Memorandum - 10**

pertained to a dwelling only. *Li*, 389 F.3d at 899. In each instance, he noted that the government could use the indictment and other documents in the record to prove that the defendant used a gun under the one statute or entered a dwelling under the other. The same would seem to apply to a statute involving the age of consent.

### d. Modified Categorical Approach

The modified categorical approach allows the court to look at statutory elements and certain judicial documents to determine if a defendant necessarily admitted the elements of the generic offense. *Taylor v. United States*, 495 U.S. 575 (1990). Those documents are "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *United States v. Shepard*, 544 U.S. 13, 26 (2005).

As the Ninth Circuit recently noted base on *Shepard*,

> Our examination is limited to a "narrow, specified set of documents" that includes "'the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.'" We may not "look beyond the record of conviction itself to the particular facts underlying the conviction."

**Sentencing Memorandum - 11**

*Kawashima v. Mukasey*, 530 F.3d 1111, 1114 (9th Cir. 2008) (internal citations omitted).

Here, the Information, the Criminal Complaint, and the Affidavit in Support of Criminal Complaint all indicated that the victim was 14 years of age. The change of plea and the judgment were also before the Court. However, neither of those documents referred to the age of the victim. Rather, they only referred to the fact that Defendant pled guilty to violating Idaho Code § 6101(1) which only requires that the victim be less than 18 years of age.

The Court noted the Ninth Circuit's admonition that "[w]e have repeatedly held that charging documents are 'insufficient alone to prove the facts to which [a defendant] admitted." *United States v. Vidal*, 504 F.3d 1072, 1088 (9th Cir. 2007) (citations omitted). The Court was aware that on rehearing one of the cited cases, *United States v. Snellenberger*, 493 F.3d 1015 (9th Cir. 2007), omitted that language. See *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008). However, the sole issue on rehearing was whether a clerk's minute order could be relied upon to determine whether a state burglary conviction qualified as a crime of violence. Therefore, it was unnecessary to revisit the determination that the charging document alone was insufficient.

As the Court explained at the sentencing hearing, without a plea transcript,

**Sentencing Memorandum - 12**

there was no way of knowing whether Defendant actually admitted to the fact that the victim was 14 years of age. Indeed, in the Court's own experience, it is not unusual for defendants to quibble about the prosecutor's recitation of facts and admit only what is necessary under the statute. Under those circumstances, the court would typically accept the defendant's plea since he or she has admitted having committed the crime described by the statute, even though they have not admitted the specific facts alleged in the criminal complaint, indictment or information.

The Government argued that the Court should consider the admissions in Defendant's court-ordered psychiatric examination in the prior case which he submitted to the Court in this case for consideration. However, that examination was not a judicial admission or a judicially noticeable document in that case. To look at that document would be more akin to delving into the facts surrounding the offense which *Taylor* prohibits. As Defendant pointed out, *Taylor* requires the Court to put on blinders to what the actual offense conduct may have been when deciding whether to apply an enhancement based on a prior conviction.[2]

---

[2] A good example of a court having to put on blinders rather than look to the actual conduct is contained in the Ninth Circuit's published opinion in *United States v. Esparza-Herrera*, 2009 WL 455512, (9th Cir. Feb. 25, 2009) (per curiam) issued shortly after sentencing.

**Sentencing Memorandum - 13**

After considering the relevant statutes and the judicial record presented, the Court could simply not determine unequivocally that Defendant was convicted of the generic crime of statutory rape. Accordingly, the Court declined to impose the 16-level enhancement for a crime of violence.

The Court also declined to impose an 8-level enhancement for an aggravated felony under § 2L2.1(b)(1)(C). Determination of whether the statutory rape conviction constituted rape under 8 U.S.C. § 1101(a)(43)(A) would likewise have required a consideration of the generic statutory rape definition and application of the modified categorical approach.

## CONCLUSION

Applying the 4-level enhancement for "any other felony" under § 2L1.2(b)(1)(D), the Court determined that the adjusted offense level was 12. After deducting 2 levels for acceptance of responsibility and 2 levels for a § 5K3.1 departure, the offense level became 8 which, with a criminal history category of II,

---

In *Esparza-Herrera*, according to the PSR, the defendant broke into the victim's home, tied her up, and beat her over a four-hour period leaving her with blood on her hands and face, eyes swollen shut, and bite marks all over her body. Yet because the Arizona aggravated assault statute under which he was convicted did not correspond to the generic definition of "aggravated assault" and the judicial record did not contain specific information about the defendant's conduct, the Court had to disregard the fact that the conduct arguably involved the heightened version of recklessness involving "extreme indifference to the value of human life" required for conviction under the generic definition.

**Sentencing Memorandum - 14**

yielded a guideline range of 4 to 10 months.  After reviewing the § 3553(a) factors, including the circumstances of the statutory rape conviction, the Court imposed a sentence of 10 months.



DATED:  **March 6, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Sentencing Memorandum - 15**